JAN 23 2026 PM 1:08
FILED - USDC - FLMD - TPA

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

| | |
|---|---|
| ALFONSO AMELIO,<br><br>Plaintiff,<br><br>-against-<br><br>JEANNE OMLOR,<br><br>Defendant. | Case No: NEW CASE<br>Trial By Jury Requested<br><br>8:26-CV-184-KKM-LSG |

## COMPLAINT

### I. JURISDICTION

1. This action arises under the Constitution and laws of the United States, including the **Fourteenth Amendment** and **42 U.S.C. § 1983**.
2. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343**.
3. This Court has authority to grant reasonable accommodation to ensure equal access to judicial proceedings.

### II. PARTIES

4. Plaintiff **Alfonso Amelio** is the biological father of minor child **S.A.**
5. Defendant **Jeanne Omlor** is the child's mother and acted under color of state law through **joint participation with state judicial processes**, as more fully alleged below.

### III. ADA ACCOMMODATION AND PRO SE STATUS

6. Plaintiff proceeds **pro se** and has a **documented disability**, which substantially affects reading speed and written processing.
7. Plaintiff respectfully requests **reasonable accommodation** pursuant to the **Americans with Disabilities Act (ADA)** and applicable federal policies, including reasonable extensions of

I.F.P

time when sought in good faith, liberal construction of pro se filings, and resolution of matters on the papers where feasible.

8. Plaintiff does not seek any substantive advantage or alteration of legal standards, but only **equal access to the Court**.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff has been deprived of **all meaningful communication and contact** with his daughter for **over eight (8) years**.
10. **No court order has ever barred Plaintiff from communicating with his child.**
11. Defendant has repeatedly and intentionally **blocked parent-child communication** and leveraged state judicial processes to **maintain and enforce separation**.
12. Plaintiff sought narrowly tailored relief in state court seeking **restoration of communication only**, not custody modification, divorce relief, or family-law adjudication.
13. State courts **closed Plaintiff's case without a hearing, without factual findings, and without adjudicating Plaintiff's federal constitutional claims**, leaving no available forum to remedy the deprivation.
14. Plaintiff's daughter will turn **sixteen (16) years old in approximately fifty (50) days**, after which meaningful reunification may be **irreversibly impaired**.
15. Defendant's conduct is **ongoing, deliberate, and continuous**, and continues to cause daily constitutional injury.

## V. CLAIMS FOR RELIEF

(42 U.S.C. § 1983)

## COUNT I – DEPRIVATION OF THE FUNDAMENTAL RIGHT TO FAMILIAL ASSOCIATION

*(Fourteenth Amendment – Substantive Due Process)*

16. Plaintiff realleges and incorporates by reference all preceding paragraphs.

17. The parent–child relationship is a **fundamental liberty interest** protected by the Fourteenth Amendment.
18. For more than eight (8) years, Plaintiff has been deprived of all meaningful communication and contact with his minor child.
19. No court has ever entered an order prohibiting Plaintiff from communicating with his child.
20. Defendant intentionally and willfully obstructed all parent–child contact and **affirmatively used state judicial processes** to maintain and enforce that separation.
21. Defendant's conduct was **not narrowly tailored** to serve any compelling state interest and was wholly disproportionate to any legitimate purpose.
22. Defendant's actions resulted in the **effective termination of Plaintiff's parental relationship without due process of law**.
23. As a direct and proximate result, Plaintiff has suffered **ongoing and irreparable injury** to his constitutionally protected familial relationship.

## COUNT II – DENIAL OF PROCEDURAL DUE PROCESS

*(Fourteenth Amendment)*

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.
25. Procedural due process requires **notice, a meaningful opportunity to be heard, and adjudication by a neutral decisionmaker** before deprivation of a fundamental liberty interest.
26. Plaintiff was deprived of his parental relationship **without**:

- notice,
- an evidentiary hearing,
- factual findings, or
- any order barring communication.

27. Defendant knowingly invoked and relied upon **state judicial mechanisms** that foreclosed Plaintiff's access to process while continuing the deprivation.
28. The closure of Plaintiff's state court case **eliminated any available forum** to contest the ongoing separation.

29. Defendant's conduct caused Plaintiff to be **permanently deprived of procedural protections** guaranteed by the Fourteenth Amendment.

## COUNT III – JOINT ACTION AND WILLFUL PARTICIPATION UNDER COLOR OF STATE LAW

*(42 U.S.C. § 1983)*

30. Plaintiff realleges and incorporates by reference all preceding paragraphs.
31. Although Defendant is a private individual, she acted **under color of state law** by:

- invoking state judicial authority,
- relying on state enforcement mechanisms, and
- jointly participating in a course of conduct that resulted in constitutional deprivation.

32. Defendant's actions were not merely private disputes but were effectuated through **state processes carrying the imprimatur of governmental authority**.
33. Defendant knowingly and intentionally used the state judicial system as a means to accomplish what she could not lawfully do on her own.
34. Defendant is therefore liable as a **willful participant in joint action with the State**.

## COUNT IV – CONTINUING CONSTITUTIONAL VIOLATION

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.
36. Defendant's deprivation of Plaintiff's constitutional rights is **ongoing and continues daily**.
37. Each day Plaintiff is denied contact with his child constitutes a **new and separate constitutional injury**.
38. Monetary damages alone are **inadequate** to remedy the continuing constitutional harm.

## V. RELIEF REQUESTED

Plaintiff respectfully seeks:

A. Declaratory relief that Defendant's conduct violated Plaintiff's constitutional rights;

B. **Prospective injunctive relief restoring parent–child communication;**

C. Costs and attorney's fees pursuant to **42 U.S.C. § 1988**; and

D. Such other relief as the Court deems just and proper.

## VI. RESERVATION OF RIGHTS

**Plaintiff expressly reserves the right to amend this complaint to add additional defendants whose identities and roles are known but whose joinder at this stage would unnecessarily complicate adjudication of Plaintiff's core constitutional claims.**

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 21, 2026  
Sarasota, FL

Respectfully submitted,

_/s/ Alfonso Amelio_

Alfonso Amelio, *Plaintiff Pro Se*
7125 Fruitville Road, Unit 1432
Sarasota, FL 34240
Carmine Amelio, Next Friend/Assisting
p. 412-612-6774  e. ameliobros@gmail.com