UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFONSO AMELIO,

    Plaintiff,

v.                                  Case No.: 8:26-cv-184-KKM-LSG

JEANNE OMLOR,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Alfonso Amelio sues under 42 U.S.C. § 1983 and moves to proceed *in forma pauperis*. Docs. 1, 2. As explained below, I recommend denying the motion and dismissing this action without leave to amend based on the absence of a cognizable federal claim, the lack of subject matter jurisdiction, and the domestic relations abstention doctrine.

### I.    BACKGROUND

Amelio sues Jeanne Omlor, who he describes as the mother of his minor daughter, S.A. Doc. 1 at 1. Amelio alleges that Omlor deprived him of his rights to "familial association" and "procedural due process" under the Fourteenth Amendment. Doc. 1 at 2-4. Amelio claims that Omlor deprived him of "all meaningful communication and contact with his daughter for over eight (8) years," even though no court order ever barred Amelio from speaking with his child. Doc. 1 at 2. According to Amelio, Omlor "repeatedly and intentionally blocked parent-child

1

communication and leveraged state judicial processes to maintain and enforce separation." Doc. 1 at 2. This action by Omlor "resulted in the effective termination of [Amelio's] parental relationship without due process of law." Doc. 1 at 3.

Although Amelio sought relief in state court, the state court closed Amelio's case "without a hearing, without factual findings, and without adjudicating [Amelio's] federal constitutional claims[.]" Doc. 1 at 2. Amelio says that S.A. will turn sixteen in approximately fifty days, "after which meaningful reunification may be irreversibly impaired." Doc. 1 at 2. Thus, in addition to a declaration that Omlor violated his constitutional rights, Amelio seeks prospective injunctive relief "restoring parent-child communication." Doc. 1 at 5.

This is not Amelio's first federal case. On December 23, 2025, Amelio purported to remove from state court an action that he filed against Omlor in Pinellas County Circuit Court. *See Amelio v. Omlor*, No. 8:25-cv-3508-JLB-SPF (M.D. Fla.), Doc. 1. As explained in his notice of removal, Amelio filed a petition in state court for an order directing Omlor "to permit daily telephone/video contact with the parties' minor daughter." *Id.* at 1. After receiving an adverse order, Amelio sought review by the Florida Second District Court of Appeal. *Id.* at 2. Despite the pending appeal, Amelio attempted to remove his case to federal court. A December 29, 2025, order remands the case and finds that Amelio states no basis for federal jurisdiction and no basis for removal. *Amelio v. Omlor*, No. 8:25-cv-3508-JLB-SPF (M.D. Fla. Dec. 29, 2025), Doc. 11. A January 9, 2026, order from the Second District Court of Appeal acknowledges the remand and says that the appeal shall proceed. *See Amelio*

*v. Omlor*, No. 25-002118-FD (Fla. 6th Cir. Ct. 2025), Doc. 36; *Amelio v. Omlor*, No. 2D2025-1340 (Fla. 2d DCA Jan. 1, 2026).

## II.    DISCUSSION

### a.  Standard of review.

A litigant can sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)-(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, dismissal may occur before service

of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Although *pro se* pleadings receive a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Finally, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### b. Amelio cannot sue Omlor under Section 1983 because she is a private person and not a state actor.

Section 1983 of Title 42, United States Code, creates civil liability for any person who, under color of state law, violates another person's constitutional rights. "The purpose of [Section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Thus, Section 1983 "protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024); *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("'Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

"'Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes.'" *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). Those circumstances include when the party satisfies "the state compulsion test, the public function test, or the nexus/joint action test." *Davis v. Self*, 547 F. App'x 927, 933–34 (11th Cir. 2013). The state compulsion test examines whether the state "has coerced or at least significantly encouraged the action that violated the Constitution." *Rayburn*, 241 F.3d at 1347. The public function test evaluates whether "the private parties performed a public function that was traditionally the prerogative of the State." *Id.* Finally, the nexus/joint action test considers whether the State "had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." *Id.* (quoting *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988) ("To charge a private party with state action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship,'" involving the alleged constitutional violation.)).

Here, Amelio alleges "joint action" based on Omlor's "invoking state judicial authority, relying on state enforcement mechanisms, and jointly participating in a course of conduct that resulted in a constitutional deprivation." Doc. 1 at 4. However, a party's invoking state judicial authority and relying on state enforcement mechanisms does not render that party a state actor under Section 1983. *See Dixit v. Singh*, 758 F. App'x 766, 767-78 (11th Cir. 2018) (explaining, in a child custody and

divorce dispute, that the defendant's private conduct, no matter how wrongful, is not actionable under Section 1983); *Davis*, 547 F. App'x at 934 (explaining that the "successful attempts to litigate" by private attorneys representing a private citizen in a state custody dispute "do not somehow transform these private individuals into state actors."); *Harvey*, 949 F.2d at 1133 ("private persons . . . who act pursuant to state statutes . . . cannot be held liable under [S]ection 1983."); *Dykes v. Weinberg*, 564 F. Supp. 536, 539 (M.D. Fla. 1983) ("use of the state's judicial processes by private litigants does not constitute action taken under color of state law.") (citing cases).

Furthermore, Amelio alleges no facts suggesting either a symbiotic relationship between Omlor and the State or State participation in the alleged violation. In fact, Amelio alleges that "no court order has ever barred [him] from communicating with his child." Doc. 1 at 2. Accordingly, Amelio cannot sue the mother of his child under Section 1983 because she is not a state actor. And because the complaint alleges no cognizable federal question, Amelio cannot invoke subject matter jurisdiction under 28 U.S.C. § 1331.

### c. Federal courts typically abstain from deciding cases involving domestic relations.

Even if Amelio could state a claim under Section 1983, "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). Because of this, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or

divorce decrees still subject to state court modification." *Id* at 369. The policies favoring abstention include "'the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'" *Id.* at 369-70 (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)). As directed in *Ingram*, abstention and dismissal are warranted "if hearing the claim would mandate inquiry into the marital or parent-child relationship." *Id.* at 370.

Resolving Amelio's claims here would do just that. His claims seek inquiry into the mother's and the State's handling of communication between Amelio and his minor child. Each of the policy considerations favoring abstention is present here. Florida courts have greater competence in settling family disputes. The relief that Amelio seeks could result in incompatible state and federal decisions, particularly because the matter involving Amelio's minor child remains pending before the Second District Court of Appeal. Finally, abstention is appropriate in matters of state concern, particularly when the plaintiff asks the court to prospectively manage the communication between him, the estranged mother of his child, and his sixteen-year-old daughter. The state court is better equipped and more available (by virtue of its plenary jurisdiction) to handle a domestic relations matter.

### d. Leave to amend should be denied.

A district court typically must provide a *pro se* plaintiff with notice of the intent to dismiss and an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL

7

3238806, at *1 (11th Cir. July 30, 2021); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire*, 2021 WL 3238806, at *1; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."). A case is frivolous if it "has little or no chance of success" and the complaint demonstrates "that the factual allegations are 'clearly baseless'" and "the legal theories are 'indisputably meritless.'" *Carroll*, 984 F.2d at 393 (citing *Neitzke*, 490 U.S. at 327); *Kvalheim*, 261 F. App'x at 234. Based on the absence of subject-matter jurisdiction and the abstention requirement under *Ingram*, an amendment would be futile. Thus, I recommend dismissing the complaint without leave to amend.

## III.   CONCLUSION

Accordingly, based on the foregoing, I recommend denying the motion to proceed *in forma pauperis*, Doc. 2; dismissing the complaint without leave to amend; terminating all pending motions; and closing the case.

**REPORTED** in Tampa, Florida, on this 28th day of January, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

8

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.