**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALFONSO AMELIO,

     Plaintiff,

v.                                                                    Case No. 8:26-cv-184-KKM-LSG

JEANNE OMLOR,

     Defendant.

_____

## **ORDER**

The magistrate judge recommends denying pro se plaintiff Alfonso Amelio's motion to proceed *in forma pauperis*, (Doc. 2), and dismissing his complaint, (Doc. 1), without leave to amend. R. & R. (Doc. 6). Amelio objects. Obj. (Doc. 9). For the reasons below, I (mostly) overrule the objections, adopt the Report and Recommendation with modifications, deny Amelio's motion, and dismiss his complaint without leave to amend.

Amelio sues Jeanne Omlor, the mother of his child, under 42 U.S.C. § 1983. Compl. (Doc. 1). He alleges that Omlor deprived him "of the fundamental right to familial association" (Count I) and procedural due process under the Fourteenth Amendment (Count II). *Id.* at 2–4. Amelio also lists as counts "joint action and willful participation under color of state law" and "continuing constitutional violation" (Counts III & IV). *Id.* at 4.

At bottom, Amelio alleges that Omlor used the Florida court system to deprive Amelio of contact with his minor child. *See id.* ¶ 5. Amelio claims that he "sought narrowly tailored relief in state court seeking restoration of communication only, not custody modification, divorce relief, or family-law adjudication." *Id.* ¶ 12. He avers that the state court closed his case "without a hearing, without factual findings, and without adjudicating [his] federal constitutional claims." *Id.* ¶ 13. Amelio seeks a declaration that Omlor violated his constitutional rights, an injunction "restoring parent-child communication," as well as costs and fees. *Id.* at 5.

Though the complaint is silent on procedural history, this is not the first time that Amelio has tried to bring his dispute with Omlor to federal court. After the state court's adverse order, Amelio sought review in the Florida Second District Court of Appeal. *See* R. & R. at 2. "Despite the pending appeal, Amelio attempted to remove his case to federal court," and a district judge remanded the case. *Id.*; *see Amelio v. Omlor*, No. 8:25-cv-3508-JLB-SPF (M.D. Fla. Dec. 29, 2025), Dkt. No. 11. Amelio has since noticed an appeal of the remand to the Eleventh Circuit. No. 8:25-cv-3508-JLB-SPF, Dkt. No. 16.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a

timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

I adopt the report and recommendation with modifications. I begin with Counts III and IV. Those counts do not allege independent causes of action, but instead make assertions that seem to apply to the first two counts. *See* Compl. at 4. Thus, I dismiss Counts III and IV.

As to Counts I and II, the magistrate judge recommends denying Amelio's petition for failure to state a claim. Specifically, Amelio fails to show that Omlor qualifies as a "state actor," as required to state a claim under 28 U.S.C. § 1983. R. & R. at 4. The magistrate judge reasons that because "the complaint alleges no cognizable federal question, Amelio cannot invoke subject matter jurisdiction under 28 U.S.C. § 1331." *Id.* at 6. Amelio responds that the magistrate judge takes too narrow a view of the state-action doctrine. Obj. at 1–2. Amelio insists that "[he] does not allege merely that Defendant participated in litigation. Rather, the Complaint alleges that Defendant

3

willfully leveraged state judicial mechanisms to effect and maintain a total deprivation of parent-child communication, while the State closed the only available forum without adjudication, findings, or process, thereby enabling the deprivation to continue." *Id.* at 1–2. Further, he argues that the magistrate judge "conflates failure to state a claim with lack of subject-matter jurisdiction." *Id.* at 2.

I agree with the magistrate judge's conclusion that Amelio fails to state a claim under Section 1983.[1] Amelio alleges no facts indicating that Omlor qualifies as a "state actor." *See Lindke v. Freed*, 601 U.S. 187, 194 (2024) (explaining that Section 1983 "protects against acts attributable to a State, not those of a private person"); *see also* R. & R. at 4. Amelio's characterization that Omlor "willfully leveraged state judicial mechanisms" does not rise to state action under the statute, and there is no legal error in the magistrate judge's analysis to this effect. Obj. at 1; *see* R. & R. at 4–9.

Though it does not change the outcome, I sustain Amelio's objection with respect to the recommendation that this Court lacks subject matter jurisdiction for failure to state a claim under Section 1983. Amelio alleges federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343(a)(3). Compl. ¶ 2. Amelio's failure to state a claim under Section 1983

---

[1] I assume without deciding that Amelio has a right under the Fourteenth Amendment to parental contact.

4

for failing to allege state action, alone, does not deprive the Court of subject matter jurisdiction under § 1331 or § 1343.[2] To the extent that the report and recommendation suggested as much, I sustain Amelio's objection on that basis.

The magistrate judge also concludes that, even if Amelio stated a claim, the domestic relations doctrine requires abstention over this action. R. & R. at 6–7. Amelio contends this "overextends" abstention. *See* Obj. at 3–6. He argues that because he alleges a constitutional violation and seeks communication rather than "custody, visitation schedules, modification of any family-court decree, or ongoing supervision of a domestic-relations matter," the domestic-relations exception does not apply. *See id.* at 3.

I agree that abstention is warranted. "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations," including child custody cases. *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam). Courts frequently apply this domestic relations exception to cases involving diversity jurisdiction but have split on whether it applies to cases involving federal question jurisdiction. *See id.* at 370–72. The Eleventh Circuit has not expressly answered this question. But it has noted that "the

---

[2] To the extent, however, that the Report and Recommendation grounds the lack of subject matter jurisdiction on the conclusion that Amelio's claims are "wholly insubstantial and frivolous," *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (citing *Bell v. Hood*, 327 U.S. 678 (1946) (citation modified)), I overrule the objection.

courts that liberally apply the domestic relations exception to federal question jurisdiction" have not done so in all cases, but only "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Id.* at 372.

District courts in this Circuit have similarly applied the domestic relations exception to cases arising under federal question jurisdiction when hearing the dispute would "deeply involve" the courts in "adjudicating domestic matters." *Deaton v. Stephens*, No. 2:23-cv-713-RDP, 2023 WL 6131452, at *8 (N.D. Ala. Sep. 19, 2023) (quoting *Murphy v. Alabama*, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020)) (collecting cases); *see also Scott v. Shaw*, No. 3:25-cv-974-TKW-HTC, 2025 WL 3522132, at *2–3 (N.D. Fla. Nov. 12, 2025), *report and recommendation adopted*, 2025 WL 3517862 (N.D. Fla. Dec. 8, 2025) (applying the domestic relations exception to abstain from hearing claims involving a child custody dispute); *Jones v. Madison Cnty. Dep't of Hum. Res.*, No. 5:25-cv-261-LCB, 2025 WL 1347477, at *2–3 (N.D. Ala. May 8, 2025) (declining to exercise jurisdiction under the domestic relations exception to adjudicate claims stemming from a disputed child custody matter); *Holcomb v. Lake Cnty. Cir. Ct.*, No. 5:24-cv-382-TJC-PRL, 2025 WL 487975, at *1 (M.D. Fla. Feb. 15, 2025) (declining to hear an alimony issue under the exception and stating that "[e]ven where a party raises due process concerns that might

6

implicate federal question jurisdiction, the Court should still abstain [from adjudicating the claim] if doing otherwise would cause it to 'become enmeshed in the domestic factual disputes' " (quoting *Ingram*, 866 F.2d at 372)).

These district court decisions are persuasive. Addressing Amelio's claim that Omlor violated his constitutional rights by "block[ing] parent-child communication and leverag[ing] state judicial processes" would require the Court to become enmeshed in the facts of this domestic relations matter. Compl. ¶ 11. What is more, though Amelio insists that "[t]he closure of [his] state court case eliminated any available forum to contest the ongoing separation," Compl. ¶ 28, he appealed that judgment in state court to the Second District Court of Appeal, and he appears to be actively pursuing the appeal, *see Amelio v. Omlor*, Case No. 2D2025-1340 (Fla. 2d DCA) (displaying that Amelio filed a brief on February 18, 2026). True, Amelio's appeal in state court is not yet final, which likely forecloses abstaining under the *Rooker-Feldman* doctrine. *See Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) ("[T]he scope of the *Rooker-Feldman* doctrine . . . 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.' ") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Likewise, Amelio does not

explicitly seek an injunction against state court proceedings. *See* Compl. But Amelio asks the Court to declare Omlor's state-court action unconstitutional and to mandate parent-child communication, which necessarily affects his case on appeal in state court and would require this Court to become deeply involved in the intricacies of the parent-child custody orders issued by the state court. On that basis, exercising jurisdiction over this case is inappropriate. *See Jimenez v. Wizel,* 644 F. App'x 868, 871 n.2 (11th Cir. 2016) (per curiam) (declining to provide injunctive relief from a state-court order "suspending time-sharing with his children" because "[t]he state judicial proceedings remain ongoing, implicate important state interests in the family, and there remains adequate opportunity for [the plaintiff] to raise his constitutional challenges throughout the ongoing proceedings as well as the state appellate courts"); *cf. Higdon v. Fulton Cnty., Georgia*, 746 F. App'x 796, 801 (11th Cir. 2018) (per curiam) (explaining that a district court could not "bar the state court from entering additional orders in [a plaintiff's] divorce and custody case" because "district courts are barred from restraining ongoing state civil proceedings" under *Younger* abstention).

Last, the magistrate judge recommends dismissal without leave to amend. R. & R. at 8. Amelio counters that "[a]mendment could cure any

perceived deficiencies by further pleading joint action, clarifying the role of state processes, and narrowing relief." Obj. at 4.

The Eleventh Circuit ordinarily requires that a court give a pro se plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation modified). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (per curiam). I agree with the magistrate judge that amendment would be futile. The complaint does not allege facts anywhere close to rendering Omlor a state actor under Section 1983, and no amendment would change the propriety of abstention under the domestic relations exception. *Cf. Higdon*, 746 F. App'x at 801 (affirming a district court's dismissal without leave to amend when there was "no way that new factual allegations would change the outcome").

Accordingly, Accordingly, the following is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 6) is **ADOPTED with modifications** as described above and otherwise made part of this Order for all purposes.

2. Amelio's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

9

3. Amelio's Complaint (Doc. 1) is **DISMISSED** without leave to amend.

4. This action is **DISMISSED**. The Clerk is directed to enter **JUDGMENT**, which shall read "This case is dismissed," **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

5. Amelio's Motion for a Preliminary Injunction (Doc. 7) is **DENIED** as moot.

**ORDERED** in Tampa, Florida, on February 26, 2026.

Kathryn Kimball Mizelle
United States District Judge

10